■ The People of the State of New York, Respondent, v Ralph Jones, Appellant. [637 NYS2d 4] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered April 27, 1994, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's claim that it was improper for the court to permit him to be impeached by his prior statements without ruling on their voluntariness is without merit, since there is neither claim nor evidence of coercion (*People v Nieves*, 199 AD2d 97, *lv denied* 83 NY2d 856). Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.

■ 31-32 Gourmet Corp., Appellant, v Cable Building Associates et al., Respondents. [636 NYS2d 324] —Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered April 12, 1995, which, after a non-jury trial, dismissed the complaint, unanimously reversed, on the law, the complaint reinstated and the matter remanded for a new trial, with costs.

Contrary to the trial court's finding, the terms "coffee shop" and "delicatessen" are ambiguous in the context of this case and, thus, it was error to refuse all evidence concerning the negotiations for plaintiff's lease inasmuch as such evidence bears directly on the parties' intent. Accordingly, we remand the matter for a new trial at which the intent of the parties should be explored to determine whether plaintiff negotiated for and received the restrictive covenant so as to preclude all other eating establishments in the Cable Building other than a full scale, sit-down restaurant, and whether the Angelika Film Center's "cafe restaurant" satisfies the exception or violates the restrictive clause as intended by the parties. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.